UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNIE MCCOLLUM,<br><br>    Plaintiff,<br><br>    v.<br><br>DAUPHIN COUNTY PRISON BOARD, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:25-cv-00229<br><br>(SAPORITO, J.) |

## ORDER

Johnnie McCollum, currently incarcerated at SCI-Houtzdale, has filed a complaint regarding his conditions of confinement at the Dauphin County Prison. (Doc. 1). Because his complaint is barred by the applicable statute of limitations, the Court dismisses it without leave to amend.

### I. BACKGROUND

McCollum's complaint alleges as follows: Between August 2020 and January 2022, he was a pre-trial detainee incarcerated on "F Block" at the Dauphin County Prison. There was "no air ventilation" inside the cells, and the temperature was "extremely cold" in winter and "unbearably hot" in summer. He shared his cell with another inmate and was only permitted to leave the cell for an hour every few days. He was

also exposed to second-hand smoke from other prisoners smoking synthetic marijuana and other substances, which was exacerbated by the poor ventilation. He asked to be moved to a different block, and "had medical put in [a] recommendation" that he be moved, but Warden Gregory Briggs did not authorize the move. He lodged numerous grievances and complaints, both within the prison and to the Dauphin County Prison Board, but received no relief until January 2022, when windows were "take[n] . . . out of the cell to permit a passive airflow." McCollum alleges he suffered breathing problems, lung damage, chest pain, allergies, congestion, and emotional distress, and asserts Fourteenth Amendment claims against Briggs and the Dauphin County Prison Board.

McCollum has litigated conditions of confinement claims against these defendants in another case, *McCollum v. Briggs*, No. 1:22-cv-01710 (M. D. Pa., filed Oct. 28, 2022). In that case, McCollum complained of excessive lockdowns at the Dauphin County Prison between August 2020 and October 2022. Those claims were dismissed at the pleading stage because McCollum's description of the lockdowns did not support an inference of a Fourteenth Amendment violation. However, that case still

proceeds on claims relating to his access to religious literature at the Dauphin County Prison. *See id.* (Docs. 55, 56) (Dec. 19, 2024).

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it is "frivolous" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *id.* § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards).

The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706

- 3 -

(3d Cir. 2012) (per curiam); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588. "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

McCollum asserts claims under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

> the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Further, "[c]ivil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As explained by the Third Circuit Court of Appeals:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made

with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

## III. DISCUSSION

Because the Court's order dismissing McCollum's prior Fourteenth Amendment claims was not a final judgment, he is not precluded from bringing related claims against the same defendants in a different action.[1] However, a Section 1983 claim[2] must be filed within the limitation period for personal injury tort law in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, a Section 1983 claim must be brought within two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). The two-year period begins "when the plaintiff knew or should

---

[1] *See Papera v. Pennsylvania Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020) (claim preclusion only arises from a "prior dismissal with prejudice"); *Ruddy v. United States*, No. 3:11-CV-1100, 2011 WL 5834953, at *6 (M.D. Pa. Nov. 21, 2011) (partial dismissal for failure to state a claim does not operate as a final judgment on the merits for purposes of issue preclusion).

[2] McCollum asserts Fourteenth Amendment claims, but states that the defendants "also violated the Clean Air Act." The Clean Air Act pertains to the enforcement of federal and state emissions standards, and does not provide a private right of action to seek damages for personal injuries. *See Abuhouran v. Kaiserkane, Inc.*, No. 10-6609 NLH/KMW, 2011 WL 6372208, at *4 (D.N.J. Dec. 19, 2011) (listing cases).

have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634 (citing *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). McCollum plainly alleges that the ventilation issues ended no later than January 2022, and that he repeatedly complained of the ventilation issues and attendant health effects before that time. Therefore, this complaint, dated February 2, 2025, is untimely and must be dismissed.

## IV. CONCLUSION

The Court finds that amendment would be futile and accordingly dismisses without leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). To the extent any of McCollum's proposed claims would be viable based on factual overlap with his timely filed complaint in case number 1:22-cv-01710, McCollum may seek leave to amend the complaint in that case. *See Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (dismissal without leave to amend is appropriate if non-futile claims can be raised in an existing case).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Upon review of his prisoner account statement, the plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is **GRANTED**.

- 7 -

2. The plaintiff shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed in forma pauperis. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the superintendent or warden, or other appropriate official at the plaintiff's place of confinement, is directed to deduct an initial partial filing fee of 20% of the greater of:

  a. the average monthly deposits in the inmate's prison account for the past six months, or

  b. the average monthly balance in the inmate's prison account for the past six months.

This initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in the plaintiff's inmate trust fund account exceeds $10.00, the superintendent or warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's

income credited to the plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number;

4. The Clerk is directed to **SEND** a copy of this order to the superintendent or warden of the institution where the plaintiff is presently confined;

5. The complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Clerk is **DIRECTED** to close the case.

Dated: February 19, 2025        *s/Joseph F. Saporito, Jr.*
                                             JOSEPH F. SAPORITO, JR.
                                             United States District Judge